**Jose MEJIA–CARRASCO, Petitioner**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 08–4136–ag.

United States Court of Appeals, Second Circuit.

Aug. 31, 2009.

Jorge Guttlein, New York, NY, for Petitioner.

Tony West, Assistant Attorney General; Emily Anne Radford, Assistant Director; Craig A. Newell Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, JOSÉ A. CABRANES and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Jose Mejia–Carrasco, a native and citizen of Peru, seeks review of an August 7, 2008 order of the BIA, affirming the August 3, 2006 decision of Immigration Judge ("IJ") Douglas B. Schoppert, which pretermitted his application for asylum as untimely and denied his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Jose Mejia–Carrasco*, No. A095 936 853 (B.I.A. Aug. 7, 2008), *aff'g* No. A095 936 853 (Immig. Ct. N.Y. City Aug. 3, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Mejia–Carrasco concedes that he was ineligible for asylum. He further waives any challenge to the agency's adverse credibility determination. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Indeed, Mejia–Carrasco's only mention of the IJ's credibility determination is his somewhat baffling assertion that the IJ's credibility determination was not sufficiently explained because the IJ's oral decision was not initially included in the record. He does not assert that the absence of the oral decision from the record prevented him from challenging the IJ's credibility determination or that he lacks a copy of that decision.* Moreover, once the government provided an amended certified administrative record that included the IJ's decision, Mejia–Carrasco made no effort to submit a revised brief addressing the IJ's explicit adverse credibility determination. That adverse credibility determination thus stands as a valid basis for the agency's denial of his applications for withholding of removal and

CAT relief where those applications were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

* Petitioner's counsel was also the counsel of record before the BIA. He did not claim on appeal that he lacked a copy of the transcript of the IJ's oral decision.